## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DONALD R. ABNER, JR.,

                Plaintiff,

v.                                    CIVIL ACTION NO.   5:13-cv-25858

ARCH COAL, INC., et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants ICG Beckley, LLC and Arch Coal, Inc.'s Joint Motion to Dismiss* (Document 10) and accompanying *Memorandum of Law in Support* (Def.s' Mot.) (Document 11.)[1]   After careful consideration of the complaint and the Defendants' written submissions, the Court finds that the Defendants' motion should be granted.

## I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY

On September 19, 2013 the Plaintiff filed his Complaint in the Circuit Court of Raleigh County, West Virginia.   (*See* Document 1-1 at 3-6).   The Plaintiff claims that while working for the Defendants on January 18, 2013, he suffered serious, permanent injuries to his legs and other parts of the body as a result of an on-the-job incident in a coal mine.   (*Id*. at 3-4.)   The Plaintiff alleges two counts in his complaint: (1) a deliberate intent cause of action pursuant to West Virginia Code § 24-4-2(d)(2)(ii); and (2) a negligence claim.[2]   (*Id*. at 4.)   The Plaintiff prays for

---

1      The Court notes that on November 11, 2013, both the Plaintiff and Defendants stipulated to the voluntary dismissal of Defendant Donnie Crum pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).   (*See Stipulation of Voluntary Dismissal*) (Document 9).

2      The Court notes that the complaint is utterly lacking in detail surrounding the Plaintiff's alleged injury, but instead recites the statutory language of W. Va. Code § 24-4-2(d)(2)(ii).

"judgment against all the Defendants in an amount as necessary to compensate the Plaintiff for the injuries detailed herein and an amount as justified by the evidence."   (*Id*. at 5.)

On October 16, 2013, the Defendants removed the case to the United States District Court for the Southern District of West Virginia.   (Document 1.)   The Plaintiff did not file a motion to remand or otherwise challenge this Court's jurisdiction.   On November 18, 2013, the Defendants filed a *Joint Motion to Dismiss* (Document 10) and accompanying *Memorandum of Law in Support* (Document 11) pursuant to Federal Rule of Civil Procedure 12(c).[3]   The Plaintiff never filed any responsive pleading or opposition to the Defendants' motion to dismiss.

## II.    APPLICABLE LAW

The standard for dismissal under Rule 12(c) of the Federal Rules of Civil Procedure is identical to that under Rule 12(b)(6).   A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"   (*Id*.)   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

---

3        The Court notes that "Rule 12(h)(2) allows for a defense of a failure to state a claim to be raised in a [Federal Rule of Civil Procedure] 12(c) motion for judgment on the pleadings."   *Watkins v. Wells Fargo Bank*, 2011 WL 777895, *3 (S. D. W. Va. Feb. 28, 2013) (Chambers, J.) (unreported).   Additionally, the Court notes that the standard under Federal Rule of Civil Procedure 12(c) is identical to the standard under Rule 12(b)(6).   See *Executive Risk Indem., Inc. v. Charleston Area Medical Center, Inc.*, 681 F. Supp.2d 694, 707 fn. 17 (S. D. W. Va. July 30, 2009) (Goodwin, C.J.)

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).   Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.)   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III.   DISCUSSION

*A. Deliberate Intent Claim*

The Defendants assert that the Plaintiff's Complaint "is devoid of any facts setting forth the basis for the [P]laintiff's deliberate intent claim."  (Def.s' Mot. at 2.)  The Defendants claim dismissal of the Plaintiff's complaint is appropriate because it:

> contains no allegations as to how the [P]laintiff was injured, the factual basis for the existence of a specific unsafe working condition, the factual basis for Defendants' prior actual knowledge of any such condition, or the factual basis as to how the Defendants intentionally exposed the [P]laintiff to the specific unsafe working condition.

(Def.s' Mot at. 3.)  The Defendants also argue that *Piasecki v. Wal-Mart Stores East, LP* is directly on point with respect to the issues presented here, and attach it to their motion to dismiss for the court to consider in its determination.  (*Id*. at 3-4.)  2009 WL 8626849 (S. D. W. Va. Feb 20, 2009) (Goodwin, C. J.) (unreported).

In *Piasecki*, Judge Goodwin of the United States District Court for the Southern District of West Virginia had to determine whether a deliberate intent claim filed by an employee of Wal-Mart could survive the pending motion to dismiss.  *Piasecki*, 2009 WL 8626849, *1 (S. D. W. Va. Feb. 20, 2009).  There, the employee claimed that she was injured when a bag of pool cleaning chemicals ruptured during check-out and caused toxins to injure her eyes, skin and lungs. *Id*.  Chief Judge Goodwin found that the plaintiff failed to state a cause of action with respect to a deliberate intent claim because her "conclusory allegations [were] not enough.  The Plaintiff is obligated to provide some factual basis for her claim, certainly more than the 'formulaic recitation of the elements of a cause of action' that she provides in her [c]omplaint."  *Id*. at *3 (quoting *Twombly*, 550 U.S. at ----; 127 S.Ct. at 1964-65.)

4

Thus, Judge Goodwin granted the motion to dismiss the deliberate intent claim "[b]ecause the plaintiff has merely recited the required statutory elements without alleging *any* facts to support a reasonable inference that the defendant acted with the requisite mental state . . . ."   *Id.* (emphasis in original.)

The Court agrees with the Defendants and finds that the Plaintiff did not satisfy her burden of showing plausibility of success on her claim.   A review of the Plaintiff's complaint reveals that for Count I, the Plaintiff merely recites the statutory language contained in W. V. Code 23-4-2(d)(2)(ii)(A)-(E).   (Document 1-1 at ¶ 10,A-E.)   With respect to the pleadings surrounding Count I, the Plaintiff's complaint states:

> A. That a specific unsafe working condition existed within the work place which presented a high degree of risk and strong probability of serious injury or death;
>
> B. That the employer, prior to the injury, had an actual realization of the existence of the specific unsafe working condition and of the high degree of risks and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> C. That the specific unsafe working condition was a violation of State or Federal safety statute, rule, regulation, whether sited or not, or of a commonly excepted or well known safety standard within the industry or business of the employer, as demonstrated by condiment evidence by written standards or guidelines which reflect the consensus or safety standard in the industry or business, which statute, rule, regulation, or standard was specifically applicable to the particularly work and working condition involved, as contrasted with a statute, rule, regulation, or standard generally requiring safe work places, equipment or working conditions;
>
> D. Not withstanding the existence of the facts set forth in paragraph A-C, inclusive, of this paragraph, the Defendant nevertheless intentionally thereafter exposed an employee to the specific unsafe working conditions;

> E. The employee exposed suffered a serious compensable injury or compensable death as defined in section one, article 4, chapter 23 whether a claim for benefits under this chapter as filed or not as a direct and proximate result of the specific unsafe working condition.

(Document 1-1 at 4.) (errors in original.)   A comparison of the pleadings in *Piasecki* and those here reveal that they are nearly identical.   In fact, the plaintiff in *Piasecki*, while losing at the motion to dismiss stage, at least alleged in her complaint *what* caused her injury, to wit, the toxins from the pool chemical bag.   Here, the Court notes that the Plaintiff failed to even allege what caused his injury, other than working at a coal mine, and the Court and the Defendants are left to speculate about what may have caused the Plaintiff's injuries.   Such threadbare recitals and conclusory statements are exactly what *Iqbal* and *Twombly's* holdings were designed to guard against.

    *B. Negligence Claim*

       Similarly, with respect to the Plaintiff's claim of negligence, the Court finds that he has failed to state a claim upon which relief can be granted.   The Plaintiff's complaint lists Count II as brought under a negligence theory, and states that the Defendants "knew or should have known of the dangerous condition which ultimately caused Plaintiff's injuries." (Document 1-1 at 5.)   It is black letter law in West Virginia that the worker's compensation statute immunizes an employer from liability for negligent injury to an employee.   *See* W. Va. Code § 23-4-2.   West Virginia Code, specifically Chapter 23, removes  from  the  common law tort system "all disputes between . . . employers and employees regarding compensation to be received for injuries or death."   *See* W.Va.Code § 23–4–2(c).   Chapter 23 further states that this immunity can be waived if the employer defaults on his payment required by the Act (or otherwise fails to comply with its

provisions), or if an injured plaintiff can show that the employer knowingly exposed a plaintiff to an unsafe working condition or deliberately intended to bring about a specific injury.   *See Smith v. Monsanto Co.*, 822 F.Supp. 327 (S. D. W. Va. 1992); W. Va. Code § 23-4-2(d)(1).

Here, the Plaintiff has not pleaded either scenario.   He has not alleged that (1) the Defendants (his employer(s)) failed to remit their worker compensation payments or otherwise comply with provisions pursuant to the Act, nor has he sufficiently alleged that (2) the Defendants deliberately or intentionally caused his injury.   Simply put, the Plaintiff has not "plead[ed] that the employer has not complied with or is not subject to the worker's compensation statute." *Piasecki*, 2009 WL 8626849 at *3.   Therefore, it follows that worker's compensation is the Plaintiff's exclusive remedy for any alleged negligence committed by the Defendants, and any tort claim in this forum is inappropriate.


**CONCLUSION**

WHEREFORE, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the *Defendants ICG Beckley, LLC and Arch Coal, Inc.'s Joint Motion to Dismiss* (Document 10) be **GRANTED**, and that the Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        January 23, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7